UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

DONALD BEAUCHENE,             )
                             )
            Petitioner,       )
                             )
v.                           )        1:15-cv-00354-DBH
                             )
JAY HARPER, et al.,          )
                             )
            Respondents.      )

**ORDER ON MOTION TO APPOINT COUNSEL**

In this habeas action, Petitioner Donald Beauchene,[1] pursuant to 28 U.S.C. § 2241, seeks release from the Riverview Psychiatric Center and from the custody of the Commissioner of the Maine Department of Health and Human Services.  (Petition, ECF No. 1.)  Petitioner argues that the state court's denials of his petitions for release, filed pursuant to 15 M.R.S. § 104-A,[2] are inconsistent with or undermined by *James v. State*, 2015 ME 111, 121 A.3d 1290, and his continued commitment violates his due process rights.  (Petition at 11-12.)

---

[1] Petitioner has also been known as Larry Rollins.  (*Beauchene v. State*, No. 1:94-cv-00226-MAB, D. Me. Sept. 18, 1995, Recommended Decision; D. Me. Oct. 17, 1995, Order Affirming; docket sheet case caption); *Rollins v. Leonardo*, 938 F.2d 380 (2d Cir. 1991) (per curiam).

[2] Title 15 M.R.S. § 104-A(3) states in relevant part:

> A person committed under section 103, or the person's spouse or next of kin, may petition the Superior Court for the county in which that person is committed for a hearing under subsection 1. Upon receiving the petition, the court shall request and must be furnished by the Commissioner of Health and Human Services a report on the mental condition of that person, as described in subsection 1. A hearing must be held on each petition, and release or discharge, if ordered, must be in accordance with subsection 1. If release or discharge is not ordered, a petition may not be filed again for the release or discharge of that person for 6 months. Any person released under subsection 1 or the person's spouse or next of kin may at any time after 6 months from the release petition the Superior Court for the county in which that person was committed for that person's discharge under subsection 1. If discharge is not ordered, a petition for discharge may not be filed again for 6 months.

1

The State has moved for summary dismissal. (Response, ECF No. 9.) The State argues that the petition is untimely; that Petitioner has not exhausted available state court remedies; and that the petition lacks merit because, pursuant to 28 U.S.C. § 2254(d)(1), the state court's decision in *In re Beauchene*, 2008 ME 110, 951 A.2d 81, in which the Law Court addressed the issue Petitioner raises in the pending section 2241 motion, was not contrary to or an unreasonable application of *Foucha v. Louisiana*, 504 U.S. 71 (1992). (*Id.* at 6-7.)

Petitioner has not filed a reply to the State's request for dismissal; instead, before the expiration of the time within which he was required to file a reply, Petitioner filed a request for the appointment of counsel. (Motion, ECF No. 11.) As explained below, the Court denies Petitioner's motion to appoint counsel. The Court, however, enlarges the time for Petitioner to file a reply to the State's request for dismissal.

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY[3]

Petitioner was indicted in 1970 for a murder that occurred in 1969. *Beauchene*, 2008 ME 110, ¶ 2, 951 A.2d 81. He pled not guilty by reason of mental disease or defect. *Id.* The Law Court described the trial court process as follows:

> At [Petitioner's] trial his experts testified that he had explosive personality disorder, as classified in the second edition of the Diagnostic and Statistical Manual of Mental Disorders (DSM II). [American Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders] (2nd ed. 1968). They also testified that this disorder was a mental disease or defect under the law at that time. The State's experts testified that Beauchene's traits were more consistent with an antisocial personality disorder, which was not a mental disease or defect. The jury found Beauchene not guilty by reason of mental disease or defect under Maine's then-applicable legal definition of mental disease or defect. Accordingly, pursuant to 15 M.R.S.A. § 103 (1964), Beauchene was committed to the custody of what is now the Department of Health and Human Services.

---

[3] Given that Petitioner cites the nature of his substantive dispute in support of his request for counsel, a relatively detailed review of the background and procedural history is appropriate in order to identify the issues generated by the petition in this case and to assess whether the appointment of counsel is warranted.

*Id.*

Thus, at the trial, Petitioner's experts testified that Petitioner had "explosive personality disorder," which was considered to be a mental disease or defect according to the edition of the Diagnostic and Statistical Manual of Mental Disorders (DSM) in effect in 1970. *Id.* The State's experts testified at trial that Petitioner's "traits were more consistent with an antisocial personality disorder, which was not a mental disease or defect."[4] *Id.* Because the jury found that Petitioner was not guilty by reason of mental disease or defect, Petitioner was committed to the custody of what is now the Department of Health and Human Services. *Id.*

Petitioner has made several prior unsuccessful attempts, including in state court in the 1970s, in this Court in the 1990s, and again in the state court at various times from 2005 to 2014, to obtain his release from confinement on the grounds that he does not have a mental illness. Some of the procedural history of Petitioner's prior attempts is set forth in this Court's 1995 decision on a 28 U.S.C. § 2254 petition that Petitioner filed following the Supreme Court's 1992 decision in *Foucha*. (*Beauchene v. State*, No. 1:94-cv-00226-MAB, D. Me. Sept. 18, 1995, Recommended Decision; D. Me. Oct. 17, 1995, Order Affirming.) This Court noted that following Petitioner's finding of not guilty by reason of insanity on the murder charge and his subsequent commitment, the state court twice denied Petitioner's request for release, first in 1973, and again in 1978. (*Beauchene*, No. 1:94-cv-00226-MAB, Recommended Decision at 1.)

Petitioner escaped from the Augusta Mental Health Institute (AMHI) in 1973. *See State v. Beauchene*, 382 A.2d 329, 330 & n.1 (Me. 1978) (addressing the 1973 escape and holding that Petitioner could be charged with escape from AMHI, and that the fact of Petitioner's commitment

---

[4] One of the experts testified that Petitioner had "[a] mixed personality disorder with features of both antisocial and narcissistic personality disorders." (*Beauchene v. State*, No. AUGSC-CV-1972-01166, Ken. Cty. Sup. Ct. Dec. 4, 2006, Hearing Tr. at 16.)

did not give rise to a presumption that he had a mental disease or defect that rendered him legally incapable of committing the offense).  In the State's response to Petitioner's 1994 petition, the State represented that Petitioner did not go into execution of his two-and-one-half-year prison term on the conviction for the 1973 escape, but rather remained in custody at AMHI.  (*Beauchene*, No. 1:94-cv-00226-MAB, Response at 5.)

It appears from Petitioner's filings, in particular an April 1978 state court decision, that Petitioner challenged his continued custody at that time on similar grounds as he now raises, i.e., that he did not have a mental disease or defect.  (*Beauchene*, No. AUGSC-CV-1972-01166, ECF No. 1-1.)  In April 1978, the state court dismissed his petition for release because it was not convinced that Petitioner "would not be a danger to the community because of his mental disease and defect."

In September 1978, Petitioner once again escaped from AMHI.  *State v. Beauchene*, 541 A.2d 914, 915 & n.1 (Me. 1988).  According to this Court's 1994 recommended decision, the Law Court in 1979 dismissed Petitioner's appeal of the second denial of his petition for release, because Petitioner had escaped and was at large.  (*Beauchene*, No. 1:94-cv-00226-MAB, Recommended Decision at 1.)

In October 1978, during his escape, Petitioner, while in New York, committed rape, sodomy, and first degree assault while he was engaged in painting the victim's apartment.  *Rollins v. Leonardo*, 733 F. Supp. 763, 764-65 (S.D.N.Y. 1990); *aff'd*, 938 F.2d 380 (2d Cir. 1991) (per curiam).  In 1980, Petitioner was convicted and sentenced in New York to concurrent prison terms of between eight and one-third and 25 years on the rape and sodomy counts, and four to 12 years on the assault count.  733 F. Supp. at 764-65; *Beauchene*, 541 A.2d at 915.  The District Court for

4

the Southern District of New York denied his 28 U.S.C. § 2254 petition, and the Second Circuit affirmed the judgment. *Rollins*, 733 F. Supp. at 764; *Rollins*, 938 F.2d at 381.[5]

In April 1988, the Law Court affirmed the judgment of conviction for the 1978 escape. *Beauchene*, 541 A.2d at 915.

This Court's records reflect that Petitioner filed a petition for habeas relief in October 1988 (*Beauchene v. Tierney*, No. 1:88-cv-00245-GC)[6] and again in September 1994 (*Beauchene v. Maine*, No. 1:94-cv-00226-MAB). In Petitioner's section 2254 petition filed in 1994, Petitioner challenged, as a violation of his due process rights under *Foucha*, his impending return to confinement following his incarceration for the 1978 escape. (*Beauchene*, No. 1:94-cv-00226-MAB, Recommended Decision at 1-2.) The magistrate judge recommended dismissal without prejudice. (*Id.* at 3.) This Court affirmed the recommended decision, "although not necessarily for the reasons set forth" in the recommended decision.[7] (*Beauchene*, No. 1:94-cv-00226-MAB, Order Affirming.) Petitioner "was incarcerated for fifteen years in New York before being returned to [Riverview Psychiatric Center] in 1998." *Beauchene v. Dep't of Health & Human Servs.*, 2009 ME 24, ¶ 2, 965 A.2d 866.[8]

---

[5] In *Rollins*, 938 F.2d at 382, Petitioner argued, among other things, that he should have been examined for mental competency to stand trial, given that "[h]e was, after all, an escapee from a Maine mental hospital at the time he had committed and was tried for his offenses." *Id.;* 733 F. Supp. at 767-68. The Second Circuit noted: "Perhaps because appellant declined, post-conviction, to let his Maine hospital records be made available to the probation department and they are not in any way part of this record, his brief takes the rather surprising position that they 'were essentially irrelevant.'" 938 F.2d at 382 n.1 (quoting Petitioner's appellate brief).

[6] This Court's record in *Beauchene v. Tierney*, No. 1:88-cv-00245-GC, is not available, and the case does not appear to have resulted in any published decision.

[7] The recommended decision had addressed the issue of exhaustion. (*Beauchene*, No. 1:94-cv-00226-MAB, Recommended Decision at 1-2 (citing *Levine v. Torvik*, 986 F.2d 1506 (6th Cir. 1993).) The State objected to the characterization of its exhaustion argument in the recommended decision. (*Beauchene*, No. 1:94-cv-00226-MAB, Objection.)

[8] In 2001, the Superior Court approved a modified release treatment plan that permitted Petitioner to have supervised visits with his parents at their home. *Beauchene v. Dep't of Health & Human Servs.*, 2009 ME 24, ¶ 3, 965 A.2d 866. In 2006, Petitioner brought an action in state court, pursuant to M.R.Civ.P. 80C, to challenge a decision by the Commissioner of the Department of Health and Human Services to withdraw authorization for community visits

In 2005, in state court, Petitioner again requested release from custody, pursuant to 15 M.R.S. §104-A.  (*Beauchene*, No. AUGSC-CV-1972-01166, Petition for Release.)  *Beauchene*, 2008 ME 110, ¶ 3, 951 A.2d 81.  The Superior Court held a hearing in 2006, and it issued a decision in 2007 denying the request, citing *LaDew v. Comm'r of Mental Health & Mental Retardation*, 532 A.2d 1051 (Me. 1987), and distinguishing *Foucha*.  (*Beauchene*, No. AUGSC-CV-1972-01166, Ken. Cty. Sup. Ct. Oct. 1, 2007, Order on Motion for Discharge at 4-8.)  *Beauchene*, 2008 ME 110, ¶¶ 3-6.

Petitioner appealed from the 2007 denial, and in 2008, the Law Court affirmed. *Beauchene*, 2008 ME 110, ¶ 1, 951 A.2d 81.  The Law Court found that under *LaDew*, the issue was not whether the petitioner had a mental illness by the legal standard in effect at the time of the hearing on his petition for release, but rather whether, at the time of the hearing on his petition for release, he had a mental illness as legally defined at the time of the murder and the trial.  *Id.*, ¶ 10. "'[T]he question of the continued existence of [a petitioner's] mental disease or defect must be decided on the pre-amendment standard under which he was acquitted [by reason of insanity] and committed to' state custody."  *Beauchene*, 2008 ME 110, ¶ 10, 951 A.2d 81 (quoting *LaDew*, 532 A.2d at 1053).[9]

---

following an alleged October 2004 incident in which Petitioner was accused of sexually assaulting a female patient at the Augusta Mental Health Institute. *Id.*, ¶¶ 3-4.  The Superior Court concluded that the "degree of independence and freedom allowed to the petitioner are privileges given within the context of his individual treatment and are not constitutionally protected property rights," and the court affirmed the decision of the Commissioner.  *Beauchene v. Comm'r*, No. Civ. AP-05-27, 2006 WL 1669432, at *1-2, 2006 Me. Super. Lexis 71, at *1-4, 6 (Me. Super. Ct. Mar. 28, 2006); *Beauchene*, 2009 ME 24, ¶ 4, 965 A.2d 866.  Petitioner did not appeal from the Superior Court decision. *Beauchene*, 2009 ME 24, ¶ 4, 965 A.2d 866.  Petitioner later brought another action, pursuant to M.R. Civ. P. 80C, to challenge a decision by the Commissioner that Petitioner had no liberty interest in leaving the hospital.  *Id.* ¶¶ 7-9. Petitioner appealed from the state court's order affirming the Commissioner's decision, and the Law Court affirmed. *Id.* ¶ 1.

[9] The Law Court noted that 15 M.R.S. § 102, at the relevant time, provided: "An accused is not criminally responsible if his unlawful act was the product of a mental disease or mental defect.  The terms 'mental disease' or 'mental defect' do not include an abnormality manifested only by repeated criminal conduct or excessive use of drugs or alcohol." *Beauchene*, 2008 ME 110, ¶ 5 n.1., 951 A.2d 81.

6

The Law Court determined that the Superior Court found that Petitioner had a mental disease or defect at the time of the hearing on his 2005 petition, reasoning:

> The Superior Court wrote that Beauchene  "did not nor does  . . . have a mental disease or defect."  The court also, however, wrote that " [i]t is not this court's role to overturn a 37 year old jury verdict" that found Beauchene did have a mental disease or defect.  We conclude that the court's first statement indicates its appreciation of Beauchene's argument and its attempt to reconcile it with the evidence that Beauchene continues to pose a threat to others.  We conclude that the court's second statement clearly establishes its finding that the threat Beauchene poses is a likely result of the mental disease or defect that the jury found Beauchene to have in 1970.  Because the Superior Court found that Beauchene did have a mental disease or defect as that term was defined in 1970, the court correctly denied Beauchene's petition for discharge.

*Id.*, ¶ 11.  The Law Court concluded:  "Because the effect of Beauchene's due process contention depends upon a finding that he did not have a mental disease or defect as that term was defined in 1970, we reject this contention."  *Id.* ¶ 12.

Petitioner filed his next petition for release in 2011; after a hearing, the Superior Court denied the request.  (*Beauchene*, No. AUGSC-CV-1972-01166, Docket Sheet at 4-5.)  Petitioner filed another petition for release in 2014; the final entry on the docket sheet reflects that on or before August 11, 2014, prior to any hearing, Petitioner's appointed attorney withdrew the petition.  (*Id.* at 6.)  Thus, as the record stands now, the state court's most recent decision on Petitioner's section 104-A petition for release is its 2011 decision.

Petitioner signed the pending section 2241 petition on August 25, 2015, and it was filed on August 28, 2015.  (Petition at 1, 10.)  In his petition, Petitioner asserts that application of the Law Court's reasoning in *James v. State*, 2015 ME 111, to his case should result in his release.  Petitioner also filed a motion to appoint counsel.  (Motion, ECF No. 3.)  The Court denied the motion.  (Order, ECF No. 4.)  In November 2015, the State filed its response, which included a request for dismissal of the petition; the State also filed the state court record.  (Response at 1.)  In

December 2015, Petitioner filed a second motion to appoint counsel. (Motion for Counsel, ECF No. 11 at 1.)

## II.    DISCUSSION

Title 18 U.S.C. § 3006A(a)(2) states in pertinent part: "Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . (B) is seeking relief under section 2241, 2254, or 2255 of title 28." In this case, Petitioner seeks relief under section 2241. In addition, the Supreme Court has recognized that federal habeas relief may be available to persons in custody under a state court order of civil commitment. *See Duncan v. Walker*, 533 U.S. 167, 176 (2001).

In *U.S. v. Mala*, 7 F.3d 1058 (1st Cir. 1993), the First Circuit considered whether a defendant was entitled to counsel in the event he filed a habeas action based on the alleged ineffective assistance of his post-conviction counsel. In concluding that the defendant presented the "rare section 2255 case in which the appointment of counsel is warranted," the Court cited three factors: (1) the defendant had demonstrated a "fair likelihood of success on the constitutional claim," (2) the claim was "factually complex and legally intricate," and (3) "the facts [were] largely undeveloped and [defendant] (who is both incarcerated and indigent) [was] severely hampered in his ability to investigate them." 7 F.3d at 1063-64. Because section 3006A applies the same standard for the appointment of counsel to section 2241, 2254, and 2255 cases, the standard set forth by the First Circuit in *Mala* applies to Petitioner's section 2241 petition.

Application of the factors to Petitioner's case militates against the appointment of counsel in this case. First, regardless of whether Petitioner can persuade a state court that the Law Court's decision in *James* should result in his release, Petitioner has not demonstrated a likelihood of success in this Court on the claims as alleged. For instance, Petitioner has not explained how a

recent decision of a state court (i.e., the Maine Law Court) provides Petitioner with the opportunity to seek relief in this Court without first seeking relief in state court.

In addition, although Petitioner has filed several appeals and various petitions in federal and state court, the number of filings does not increase the complexity of the issues currently before the Court. The issues are relatively straightforward – i.e., whether Petitioner filed timely his petition and, if so, whether he is entitled to relief from this Court based on the Law Court's decision in *James*. Finally, through his filings, several of which he filed pro se, Petitioner has demonstrated an ability to identify and argue the relevant facts and law. In short, Petitioner has not proven that this is a "rare section 2255 case in which the appointment of counsel is warranted." *U.S. v. Mala*, 7 F.3d at 1063.

Although the Court will not appoint counsel, because Petitioner filed his motion within the time that he could file a reply to the State's request for dismissal, Petitioner conceivably was awaiting a decision on the motion before filing a reply. The Court, therefore, will extend to March 11, 2016, the time within which Petitioner may file a reply to the State's request for dismissal.

### III.   CONCLUSION

Based on the foregoing analysis, the Court denies Petitioner's motion for counsel (ECF No. 11), and extends the time for the filing of Petitioner's reply to March 11, 2016.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 11th day of February, 2016.